**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

Debtor.

No. 98-1622

ELLEN PAULETTE M. FIELDS,
Claimant-Appellant,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: October 30, 1998

Decided: November 23, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ellen Paulette M. Fields, Appellant Pro Se. Orran Lee Brown, Sr.,
DALKON SHIELD CLAIMANTS TRUST, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Ellen Fields elected to resolve her Dalkon Shield claim through binding arbitration. The arbitrator awarded Fields nothing upon the determination that she used a Lippes Loop, rather than a Dalkon Shield. Mrs. Fields then filed suit against the Dalkon Shield Claimants Trust (Trust) and eleven other Defendants who were involved in the handling of her claim.[1] She sought $30,000,000 in damages. The Trust moved to dismiss Fields' complaint, and Fields moved to vacate the arbitration decision. The district court granted the motion to dismiss the complaint for failure to state a claim and denied Fields' motion to vacate.[2] Fields appeals.

With respect to the denial of the motion to vacate the arbitration decision, we review the district court's findings of fact for clear error and its conclusions of law de novo. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 947-48 (1995); Gianelli Money Purchase Plan & Trust v. ADM Investors Servs., 146 F.3d 1309, 1311 (11th Cir. 1998). The record discloses no error. Rather, the district court correctly determined that Mrs. Fields had not met any of the criteria for vacating an arbitration decision set forth in Rule 44(a) of the First Amended Rules Governing Arbitration.

Fields' complaint dealt entirely with how her Dalkon Shield claim was handled. Thus, the complaint related to the processing, defense, and handling of her claim for damages for her use of the Dalkon

_____

[1] Among the causes of action were malpractice, obstruction of justice, treason, mail fraud, and withholding of evidence.
[2] The district court also denied Fields' motions for appointment of counsel, for investigations, and to transfer her complaint to the federal district court in Atlanta. Denial of these motions was not an abuse of discretion.

Shield. Mrs. Fields was enjoined by the Robins Plan and the Confirmation Order from suing anyone other than the Trust in connection with the handling of her claim. She pursued her remedies against the Trust, lost in arbitration, and failed in her bid to vacate the arbitration decision. She therefore pursued the only remedies available to her. She may not circumvent the orderly working of the claims process by filing another lawsuit raising related claims. The district court correctly found that Mrs. Fields had failed to state a claim upon which relief could be granted.

We accordingly affirm the decision of the district court. We deny the motion to authorize preparation of a transcript at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3